**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VINCENT BARROW,**

                              **Plaintiff,**

    vs.                                             **9:12-cv-01268**
                                                             **(MAD/CFH)**

**DIANE VAN BUREN, Deputy Commissioner;**
**BRIAN FISCHER, Commissioner; BRYAN**
**HILTON, Superintendent of Programs; CHARLES**
**KELLY, JR., Superintendent, Marcy Correctional**
**Facility; DR. FARAGO, Psychiatrist; ANTHONY**
**DEVITTO, Executive Director of Special Programing;**
**BOB LEWIS, OMH Therapist; LISA KALIES, Unit**
**Chief, OMH, Residential Mental Health Unit; JOSEPH**
**BELLNIER, Deputy Commissioner of Program Service;**
**LUCIEN LECHAIRE, Assistant Commissioner; MAUREEN**
**E. BOLL, Deputy Commissioner and Counsel; E. LINDQUIST,**
**Assistant Commissioner; KAREN BALLAMY, Director,**
**Inmate Grievance Program; JEFF MCKOY, Deputy Commissioner;**
**MAUREEN BOSSCO, Executive Director, Central New York**
**Psychiatric Center, Office of Mental Health; B. MCARDLE,**
**Deputy Superintendent of Marcy Correctional Facility; DONALD**
**SELSKEY, Deputy Commissioner, CAPTAIN HARPER,**
**LIEUTENANT CORY; HOLANCHUCK,**

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**VINCENT BARROW**
98-A- 3967
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **GREGORY J. RODRIGUEZ, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff *pro se* Vincent Barrow, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the First, Eighth and Fourteenth Amendment, as well as under Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. *See* Dkt. No. 50. Defendants, twenty DOCCS employees, have moved to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 67. Defendants have also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* In a Report-Recommendation and Order dated September 25, 2014, Magistrate Judge Hummel recommended that the Court grant in part and deny in part Defendants' 12(b)(6) motion and deny the Defendants' 12(b)(1) motion. *See* Dkt. No. 70.

Currently before the Court are Plaintiff's objections to Magistrate Judge Hummel's September 25, 2014 Report-Recommendation and Order. *See* Dkt. No. 73.

## II. BACKGROUND

The following facts are not in dispute. At all relevant times, Plaintiff was incarcerated at Marcy Correctional Facility ("Marcy"). Dkt. No. 50 at ¶ 2. During this time, the Residential Mental Health Unit ("RMHU") at Marcy implemented "The Lewd Conduct Program" for inmates who engage in lustful and inappropriate behaviors. Dkt. No. 50 at ¶ 25. Inmates subject to the program are required to wear a control suit, which consists of a neon-green jumpsuit that has its

only opening along the back, is laced with a heavy string, and is fastened with a padlock at the neck. *Id.* Another component of the program requires that a fiberglass sign displaying the word "Exposer" be hung above the inmate's cell door at all times. Dkt. No. 50 at ¶¶ 26, 30.

Plaintiff was required to wear the jumpsuit on several occasions following the issuance of numerous misbehavior reports for lewd conduct. *See id.* at ¶¶ 29-31. Plaintiff alleges that several inmates and staff have verbally insulted and ridiculed him for wearing the jumpsuit. *See id.* at ¶¶ 32-33. As a result, Plaintiff has refused to wear the jumpsuit out of his cell and has thus been unable to attend programs and medical appointments. *See id.* at ¶ 36. Contrary to Defendants' contentions that the lewd conduction program has been implemented for security measures, Plaintiff argues that the program is specifically targeted to humiliate and lower the self esteem of inmates at Marcy. *See id.* at ¶¶ 34-35, 43.

Plaintiff commenced this civil rights action on August 13, 2012. *See* Dkt. No. 1. Upon leave of court, Plaintiff filed an Amended Complaint to include a description of new events that had taken place since the complaint's initial filing. *See* Dkt. No. 11, 12. On April 1, 2014, Plaintiff was permitted to submit a Second Amended Complaint for review. *See* Dkt. No. 50. In response, Defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 67. Plaintiff subsequently opposed the motion. *See* Dkt. No. 69.

On September 25, 2014, Magistrate Judge Hummel filed a Report-Recommendation and Order recommending that Defendants' Motion to Dismiss be granted in part and denied in part. *See* Dkt. No. 70 at 40. Plaintiff filed written objections on October 10, 2014, objecting to Magistrate Judge Hummel's recommendations in full. *See* Dkt. No. 73 at 7.

# III. DISCUSSION

## A. Standard of Review

When objections to a magistrate judge's report-recommendation and order are made, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If, however a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge,"the magistrate judge's recommendations are reviewed for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). The court will "ordinarily refuse to consider argument[s] that could have been, but [were] not, presented to the magistrate judge in the first instance." *Mosley v. Superintendent of Collins Corr. Facility*, No. 9:11-CV-1416, 2015 U.S. Dist. LEXIS 6985, *5 (N.D.N.Y. Jan. 22, 2015) (citations omitted). Upon review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## B. Analysis

### 1. Misapplication of Case Law

Plaintiff contends that the cases cited in Magistrate Judge Hummel's Report-Recommendation and Order "could have been used in favor of Plaintiff" and "should be used in his favor." *Id.* Upon careful review, the Court finds that Magistrate Judge Hummel applied the appropriate legal standards, accurately recited the facts as presented by Plaintiff, and correctly applied the law to those facts.

Accordingly, Plaintiff's objection regarding the misapplication of case law is rejected.

### *2. Misapplication of Rule 12(b)(6)*

Plaintiff further contends that Rule 12(b)(6) "should have been used in his favor" and that "legal conclusions," in these circumstances, should be sufficient to survive a motion to dismiss. *See* Dkt. No. 73 at 1. When a defendant files a 12(b)(6) motion to dismiss, the court must "accept all factual allegations as true and draw every reasonable inference from those facts in plaintiff's favor." *La. Wholesale Drug Co. v. Shire LLC*, 754 F.3d 128, 133 (2d Cir. 2014) (internal quotation marks and citations omitted). Nevertheless, "this indulgence does not relieve the plaintiff from alleging 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff admits that "the complaint is not without error," and that he "did his best to inform the court" of the alleged violations despite having been denied counsel. *See* Dkt. No. 73 at 6-7. The Second Circuit has stated, however, that "*pro se* status does not exempt a party from compliance with relevant rules of procedure and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted). Upon review, the Court finds that Magistrate Judge Hummel correctly applied Rule 12(b)(6) and surrounding case law to the facts presented. In his thorough and well-reasoned Report-Recommendation and Order, Magistrate Judge Hummel correctly determined that the allegations in the Second Amended Complaint were insufficient to plausibly suggest the personal involvement of Defendants Bossco, Fischer, Harper, McArdle, VanBuren, Holanchuck, Perlman, LeClaire, Boll, McKoy, Bellamy, and Lindquist. Additionally, Magistrate Judge Hummel also correctly determined that the Court should grant Defendants' motion as to Plaintiff's First Amendment claims because some of the speech was not constitutionally protected and, even when it was, Plaintiff's allegations regarding the alleged retaliation are entirely conclusory.

5

As to Plaintiff's Eighth Amendment conditions of confinement claim, Magistrate Judge Hummel correctly determined that the alleged deprivations were not sufficiently serious to amount to an "'excessive risk' to his safety and health.'" Dkt. No. 70 at 24 (citing *Farmer*, 511 U.S. at 837; *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)). The report also properly determined that Plaintiff has failed to plausibly allege claims of deliberate medical indifference regarding the denial of treatment for his foot arches and exhibitionism.

The Court has reviewed Plaintiff's remaining claims and finds them to be without merit; and, therefore, Magistrate Judge Hummel's September 25, 2014 Report-Recommendation and Order is adopted in its entirety.

### *3. Deliberate Indifference*

Lastly, Plaintiff reiterates his concerns regarding the denial of necessary medical and mental health care. Dkt. No. 73 at 5. In this respect, the Court wholly agrees with Magistrate Judge Hummel's analysis governing Plaintiff's Eighth Amendment claim for medical indifference related solely to the denial of treatment for depression. *See* Dkt. No. 70 at 29. In order to have a valid claim under the Eighth Amendment for cruel and unusual punishment arising out of a claim for medical indifference, a plaintiff must show "that his medical condition is objectively a serious one" and that "[each] defendant acted with deliberate indifference to [the plaintiff's] medical needs." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003) (citations omitted). A finding of deliberate indifference requires the plaintiff "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Plaintiff states that at the time he was admitted to RMHU he was diagnosed with "Major Depression Disorder." Dkt. No. 50 at ¶ 46. The Court is mindful that depression, in some circumstances, has been objectively deemed a serious medical need. *See Zimmerman v. Burge*, No. 06-CV-0176, 2009 U.S. Dist. LEXIS 88344, *34-35 (N.D.N.Y. Apr. 20, 2009) (finding that depression is a "sufficiently serious" medical condition when it is not self-diagnosed). In light of these facts, the Court is satisfied that Plaintiff has met its burden under the first prong.

In or around May 2011, Plaintiff states that Defendant Farago stopped providing Plaintiff with depression medication and was instead "pretending" to treat him. Dkt. No. 50 at ¶¶ 47-48. Plaintiff had been taking this medication to treat his depression for over fifteen years. Dkt. No. 50 at ¶ 47. In his objections, Plaintiff attempts to substantiate his need for the medication by alleging "many 'crisis' situations,'" including two "attempted suicides" and a single occasion of hospitalization. Dkt. No. 73 at 4. Plaintiff does not, however, provide any specific dates or documentation regarding these events. Nevertheless, the Court agrees that "a complete . . . cessation of medication that [Plaintiff] had been taking for fifteen years could pose a risk of serious harm to his mental well-being." Dkt. No. 70 at 29 (citing *Brock*, 315 F.3d at 162-63).

Accordingly, the Court finds that Magistrate Judge Hummel correctly determined that the Court should deny Defendants' motion to dismiss as to this claim.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the September 25, 2014 Report-Recommendation and Order by Magistrate Judge Hummel is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction is **DENIED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim is **GRANTED** in part and **DENIED** in part; and the Court further

**ORDERS** that Plaintiff's following claims are **DISMISSED**; (1) all First Amendment claims; (2) all Eighth Amendment claims insofar as they allege inadequate prison conditions, inadequate treatment, and deliberate indifference to Plaintiff's exhibitionism and foot condition; (3) all Fourteenth Amendment claims; (4) the ADA claim; and (5) the RA claim; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED** with respect to Plaintiff's Eighth Amendment claim insofar as it alleges deliberate indifference to Plaintiff's depression; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**

Dated: January 30, 2015
       Albany, New York

Mae A. D'Agostino
U.S. District Judge