UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT BARROW,

                              Plaintiff,

      v.                                          9:12-CV-1268
                                                      (MAD/CFH)

DR. FARAGO,

                              Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

VINCENT BARROW
98-A-3967
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN           DENISE P. BUCKLEY, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Plaintiff pro se Vincent Barrow commenced this civil rights action alleging violations of his constitutional rights arising out of his confinement by the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1. Presently before the Court is plaintiff's motion for a preliminary injunction and/or temporary restraining order. Dkt.

No. 83, 92.  Defendant opposes plaintiff's motion.  Dkt. Nos. 86, 90

## II.     BACKGROUND

At the time plaintiff filed his complaint, he was incarcerated at Marcy Correctional Facility ("Marcy C.F.").  Dkt. No. 1 at 1.  In a Decision and Order, the Court granted plaintiff's application to proceed in forma pauperis and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  Dkt. No. 9.  On the basis of that review, the Court dismissed certain defendants without prejudice and directed a response from the remaining defendants.  Dkt. No. 9 at 4-5.  On February 12, 2014, plaintiff filed a Notice indicating that he was confined at Great Meadow Correctional Facility ("Great Meadow C.F.").  Dkt. No. 48.  On April 1, 2014, the Court granted plaintiff's motion to amend his complaint and the Second Amended Complaint was accepted and deemed the operative pleading.  Dkt. No. 49, 50.  The Second Amended Complaint included claims against more than twenty defendants arising out of plaintiff's incarceration at Marcy Correctional Facility ("Marcy C.F.").  Dkt. No. 50.  On May 29, 2014, plaintiff filed a Notice indicating that he was confined at Five Points Correctional Facility ("Five Points C.F.").  Dkt. No. 66.  On May 30, 2014, defendants filed a motion to dismiss the second amended complaint for failure to state a cause of action.  Dkt. No. 67.  On January 30, 2015, the Court adopted a Report-Recommendation, issued on September 25, 2014, and dismissed all causes of actions with the exception of plaintiff's Eighth Amendment claim for deliberate indifference related to plaintiff's depression as against defendant Dr. Farago ("Farago"), plaintiff's psychiatrist at Marcy C.F.  Dkt. No. 70 at 6, 29; 74.

On September 11, 2015, while plaintiff was confined at Five Points C.F., plaintiff filed a letter requesting that the Court intervene and transfer plaintiff to another DOCCS facility.  *See*

Dkt. No. 83. The Court construed plaintiff's request as a motion for a temporary restraining order/preliminary injunctive relief. Dkt. No. 85. On November 16, 2015, plaintiff filed a Notice indicating that he is confined at Great Meadow C.F. Dkt. No. 90.

## III.    DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted). The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore*, 409 F.3d at 511.

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to

demonstrate irreparable harm. *Jolly*, 76 F.3d at 482.  "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  *Amaker v. Fischer*, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012)  (citation omitted).  Conclusory assertions lacking supporting evidence will not support a preliminary injunction.  *Hancock v. Essential Resources, Inc.* 792 F.Supp. 924, 928 (S.D.N.Y. 1992).

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.  *Levesque v. Clinton County,* No. 10-CV-787 (DNH/DEP), 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (citing *inter alia Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (finding that a preliminary injunction may not be issued to prevent an injury or harm which was not caused by the wrong claimed in the underlying action).  The relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint.  *See also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

On September 11, 2015, plaintiff filed a request for a transfer to another DOCCS facility.  Dkt. No. 83 at 1.  Plaintiff alleges that in March 2015, "Sergeant Masner and Officer Glimps" assaulted plaintiff while they were escorting plaintiff to the hospital.  *See id.*  On

4

September 6, 2015 and September 7, 2015, "officers" threatened plaintiff with bodily harm because plaintiff assisted another inmate with the preparation of a complaint against "Officers Glimps and Moscow." *See id.* at 2.

Plaintiff's transfer out of Five Points C.F. renders his request for injunctive relief moot. *See, e.g., Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility.").

Further, plaintiff's application is denied because plaintiff seeks injunctive relief against individuals who are not parties to the action. Specifically, plaintiff seeks an order transferring him out of Five Points C.F. due to excessive force and harassment by "officers and sergeants" at Five Points C.F. *See* Dkt. No. 83 at 1-2. As discussed *supra*, the only remaining defendant herein is Farago. To the extent that plaintiff seeks injunctive relief against persons who are not parties to this in this action (i.e., non-defendants), the Court lacks subject matter jurisdiction to enjoin their actions. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State Univ. of N.Y.*, No. 86-CV-985, 635 F. Supp. 1243, 1246 (E.D.N.Y. May 15, 1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enter., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted). Consequently, plaintiff is not entitled to injunctive relief against persons who are not parties to this action.

Finally, plaintiff's motion is denied as plaintiff seeks relief that is unrelated to his

5

underlying claims. The excessive force and harassment claims that are discussed in the motion for injunctive relief are wholly unrelated to plaintiff's Eighth Amendment claim against Farago for deliberate indifference to plaintiff's depression. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context). To the extent that plaintiff's letter submission (Dkt. No. 90) could be construed as an attempt to amend the complaint or for reconsideration of prior Court Orders, those requests are denied.[1]

Upon review, the Court finds that plaintiff has not made the showing required for the issuance of mandatory injunctive relief. Plaintiff has also failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of the claim and a balance of hardships tipping decidedly toward him. *See Covino v Patrissi*, 967 F.2d at 73, 77 (2d Cir. 1992).

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief is denied in its entirety.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 83) is **DENIED**; and it is further

---

[1] Plaintiff indicates that he is "going to appeal orders that have been rendered." Dkt. No. 90 at 1.

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: November 24, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge