**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VINCENT BARROW,**

                             **Plaintiff,**

      **vs.**                                 **9:12-CV-1268**
                                           **(MAD/CFH)**

**DR. FARAGO,** *Psychiatrist*,

                             **Defendant.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**VINCENT BARROW**
**98-A-3967**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **DENISE P. BUCKLEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff *pro se* Vincent Barrow, an inmate in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant

to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the First, Eighth and

Fourteenth Amendment, as well as under Title II of the American with Disabilities Act ("ADA"),

42 U.S.C. § 12101 et seq. and section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. *See*

Dkt. No. 50.  In his second amended complaint, Plaintiff named twenty-two individual

Defendants.  *See id.*  On January 30, 2015, the Court granted Defendants' motion to dismiss as to

all of Plaintiff's claims except his Eighth Amendment deliberate indifference claim against Defendant Farago. *See* Dkt. Nos. 70, 74.

On November 10, 2015, Defendant Farago filed a motion for summary judgment as to the remaining claim. *See* Dkt. No. 87. In his motion, Defendant Farago argues that the undisputed facts demonstrate that Plaintiff did not have a sufficiently serious medical need to support his deliberate indifference claim. *See* Dkt. No. 87-3 at 5-6. Further, Defendant Farago contends that Plaintiff has failed to put forth any evidence that Defendant Farago knew of and purposefully ignored "an excessive risk to inmate health or safety." *Id.* at 6-14. Finally, Defendant Farago contends that, even assuming that a question of fact precludes summary judgment as to the merits of his claim, the motion should nevertheless be granted because he is entitled to qualified immunity. *See id.* at 14-15.

In a August 9, 2016 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court grant Defendant Farago's motion for summary judgment. *See* Dkt. No. 102. First, Magistrate Judge Hummel found that Plaintiff presented a triable issue of fact regarding whether his mental health needs were objectively sufficiently serious. *See id.* at 12-13. As to the subjective element, however, Magistrate Judge Hummel recommended that the Court find that Plaintiff failed to raise a triable issue of fact as to whether Defendant Farago acted with the requisite deliberate indifference in treating him. *See id.* at 14-15. As such, Magistrate Judge Hummel recommended that the Court grant the motion on this ground. *See id.* at 15. In the alternative, Magistrate Judge Hummel found that Defendant Farago is entitled to qualified immunity. *See id.* at 15-16.

In his objections to Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff contends that he "never refused any call-outs with Dr. Farago" and argues that

"Defendant stop[ped] treating Plaintiff because Plaintiff refused to comply with D.O.C.S. use of exposure jumper which was no concern of mental health Doctor Farago." Dkt. No. 103 at 1. Further, Plaintiff contends that, during the relevant time, Defendant Farago and another individual would "try to badger Plaintiff into wearing jumper." *Id.* Moreover, Plaintiff argues that Defendant Farago has "lied to the Court" because "Remeron and Effexor XR are not used to treat ASPD [(Anti-social Personality Disorder)]." *Id.* Rather, Plaintiff argues that these medications are used to treat depressive disorders. *See id.* at 1-2. Next, Plaintiff contends that Magistrate Judge Hummel erred in determining that Defendant Farago was not deliberately indifferent. *See id.* at 3. According to Plaintiff, Defendant Farago's indifference is demonstrated by the fact that he "did not treat Plaintiff for nine months." *Id.* Finally, Plaintiff objects to Magistrate Judge Hummel's finding that Defendant Farago is, in the alternative, entitled to qualified immunity. *See id.* at 4-7.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However,

when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should grant Defendant Farago's motion for summary judgment and dismiss this action. The undisputed facts clearly establish that Plaintiff disagrees with Defendant Farago over the treatment he received. The unwillingness of Defendant

Farago to continue Plaintiff on the same medication he had previously been prescribed does not demonstrate a deliberate indifference. Rather, this difference of opinion as to the appropriate treatment is patently insufficient to support a deliberate indifference claim. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Plaintiff's submission in response to the motion for summary judgment and his objections to the Report-Recommendation and Order amount to nothing more than his personal disagreement with his diagnosis and treatment plan. Moreover, during his deposition, Plaintiff admitted that he was only partially compliant in taking his prescribed psychotropic medications. Such noncompliance, in Defendant Farago's opinion, warranted discontinuing the medication given Plaintiff's principal diagnosis. *See* Dkt. No. 87-5 at ¶ 29; Dkt. No. 87-7 at ¶ 50; Dkt. No. 98 at ¶¶ 19-20. Moreover, when Plaintiff's treatment with Defendant Farago concluded, he was seen by Dr. Siddiqi who concurred with Defendant Farago's diagnosis of Anti-Social Personality Disorder with borderline narcissistic traits and noted that Plaintiff was "doing well without medications." DKt. No. 87-7 at ¶ 45; Dkt. No. 88 at 000211-000212.

Moreover, the record makes clear that Plaintiff was repeatedly offered Cognitive Behavioral Therapy ("CBT"). *See* Dkt. No. 87-7 at ¶¶ 46-47. Plaintiff, however, refused this treatment and continued to insist on medication, which Defendant Farago did not believe were clinically indicated. *See id.*

Further, Plaintiff claims in his opposition that Defendant Farago did not treat Plaintiff for over nine months. This claim, however, is flatly contradicted by Plaintiff's clinical record and Plaintiff's own deposition testimony. *See* Dkt. No. 87-5 at 45; Dkt. No. 87-7 at ¶ 7; Dkt. No. 88. At his deposition, Plaintiff testified that Defendant Farago treated him from April 2010 to October 2012. Plaintiff further testified that he saw Defendant Farago a few times in March of

2011 when he refused to come out of his cell because he was protesting the facility's requirement that he wear a "control suit" for lewd conduct. *See* Dkt. No. 87-5 at 45, 59-63. Additionally, Plaintiff testified that he continued to see his therapist every day after his medication was discontinued. *See id.* at 92.

Based on the foregoing, the Court finds that no reasonable jury could find that Defendant Farago acted with the requisite deliberate indifference; and, therefore, Magistrate Judge Hummel correctly recommended that the Court grant Defendant Farago's motion for summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendant Farago's motion for summary judgment (Dkt. No. 87) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 19, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge